EMORY KEITH CONOVER and JUDY ANN CONOVER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Conover v. Commissioner
Docket No. 34096-85.
United States Tax Court
T.C. Memo 1987-60; 1987 Tax Ct. Memo LEXIS 56; 52 T.C.M. (CCH) 1535; T.C.M. (RIA) 87060; January 27, 1987. Emory Keith Conover and Judy Ann Conover, pro se. Phoebe L. Tang, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $3,534 in petitioners' Federal income taxes for 1980 and an addition to tax of $1,767 under section 6653(b). [1] After concession of the addition to tax by petitioners, the issue for determination is whether petitioners *57 may deduct losses incurred in a midget auto racing activity. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated in our findings by this reference. Petitioners were residents of Simi Valley, California, at the time they filed their petition. They filed a joint Federal income tax return for 1980. Beginning in about 1978, Emory Keith Conover (petitioner) engaged in midget auto racing. Petitioner reported net losses from his midget racing activity in each year from 1978 through 1984, ranging in amount from $8,492 in 1984 to $24,919 in 1983. The losses reported by petitioner over the years 1978 through 1984 totaled $121,131. During that period, his gross income from racing activities totaled $2,710. In 1980, petitioner reported gross receipts of $565 and net losses of $14,910. From 1977 through 1983, petitioner attempted to obtain a sponsor to bear the costs of his racing activities. A sponsor is necessary in order to make a profit. Petitioner was unsuccessful in his attempts to obtain *58 a sponsor. From 1978 through 1984, petitioner won two trophies; the most money he ever won in a race was $140. Petitioner entered between 15 and 24 races a year, and the highest ranking he ever achieved was seventh for an entire year. During the year in issue and approximately 28 years before the date of trial in 1986, petitioner was employed as a full-time mechanic for United Airlines. Petitioner Judy Ann Conover was employed as a grocery checker during 1980. Petitioners' combined wages in 1980 exceeded $43,000. In the statutory notice of deficiency sent to petitioners for 1980, respondent disallowed losses claimed with respect to petitioner's auto racing activities and determined an addition to tax for fraud because petitioners had submitted altered documents to their preparer and to the auditing agent. OPINION Except as to the addition to tax for fraud, which they have now conceded, petitioners have the burden of proving that respondent's determination in the statutory notice is incorrect. Rockwell v. Commissioner,512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court; Rule 142(a), Tax Court Rules of Practice and Procedure. In this *59 case, petitioner must prove that his midget auto activity was entered into with an actual and honest profit objective and was not an activity not engaged in for profit as defined in section 183(c). If the activity is not engaged in for profit, deductions arising therefrom are allowed only to the extent of gross income earned from the activity. Section 183(b)(2). A determination of whether the requisite profit objective exists is to be made on the basis of all the surrounding facts and circumstances of the case. Section 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective facts than to the taxpayer's mere statement of his intent. Section 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., lists some of the factors to be considered in determining whether an activity is engaged in for profit. The factors listed in the regulation are as follows: (1) Manner in which the taxpayer carried on the activity. (2) The expertise of the taxpayer or his advisors. (3) The time and effort expended by the taxpayer in carrying on the activity. (4) Expectation that assets used in activity may appreciate in value. (5) The success of the taxpayer *60 in carrying on other similar or dissimilar activities. (6) The taxpayer's history of income or losses with respect to the activity. (7) The amount of occasional profits, if any, which are earned. (8) The financial status of the taxpayer. (9) Elements of personal pleasure or recreation. After careful consideration of the limited amount of evidence produced by petitioners, we conclude that they have not established an actual and honest profit objective with respect to petitioner's racing activities. They have conceded that it was not possible to make a profit unless they were successful in securing a sponsor, but they presented only general testimony about efforts made to secure a sponsor. From the testimony it appears that the average cost of running a race was equal to or exceeded the average first-place purse to be hoped for in a race. Apparently petitioner had no realistic possibility of placing high in any race, inasmuch as his best standing achieved over the years of his racing was seventh for an entire year. Petitioner's testimony supports the inference that the activity was engaged in primarily for personal pleasure or recreation, i.e., as a hobby. He has certainly *61 not persuaded us that his situation is comparable to that in Bolt v. Commissioner,50 T.C. 1007 (1968), or Demler v. Commissioner,T.C. Memo. 1966-117, on which he relies. In those cases, taxpayers devoted substantial time to the enterprise, kept accurate records of their income and expenditures, and engaged in the undertaking in a businesslike manner so as to establish that they were in the trade or business of auto racing. By contrast, this case is indistinguishable from those in which taxpayers have failed to satisfy the Court that they had the necessary profit objective. See, e.g., Woods v. Commissioner,T.C. Memo. 1985-233; Franz v. Commissioner,T.C. Memo. 1984-506; and Casida v. Commissioner,T.C. Memo. 1979-267. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩